# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Suzanne Sloat, | |
| Plaintiff, | |
| v. | |
| Commonwealth of Pennsylvania - Office of Information Technology, | Case No. _____ |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Suzanne Sloat (hereinafter referred to as "Plaintiff"), by and through her attorneys, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq*.).

## JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. *See* Exhibit A.

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 280 Worcester Avenue, Harrisburg, PA 17111.

8. Defendant is the Commonwealth of Pennsylvania - Office of Information Technology. Plaintiff worked for Defendant at 651 Boas Street, Harrisburg, PA 17121.

## FACTUAL BACKGROUND

9. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10. At all times relevant herein, Plaintiff has suffered from serious health conditions, namely, severe anxiety and PTSD.

11. Plaintiff was hired by Defendant as Business Analyst 2 on about July 2, 2018.

12. Despite her aforementioned serious health conditions, Plaintiff was capable of performing the essential functions of her job with Defendant. However, at times, Plaintiff required reasonable accommodations (the nature of Plaintiff's request for reasonable accommodations is set forth in detail below).

13. On Plaintiff's first day of work with Defendant, she told Business Analyst 4 Jeffrey Rogers ("Mr. Rogers") and Chief of Relationship Management Kathryn Hann ("Ms. Hann") that she suffered from anxiety. Plaintiff further advised Mr. Rogers and Ms. Hann that she had a weekly appointment on Mondays at noon, and that said appointment was necessary in order for her to undergo treatment for her anxiety.

14. At or around the time of the conversations referenced in Paragraph 13, Plaintiff inquired as to whether she should fill out an official accommodation request form. However, Mr. Rogers told Plaintiff that such a form would not be necessary, as Plaintiff would be allowed to take an extended lunch to attend her appointments and Defendant would maintain an Excel spreadsheet to keep a record of Plaintiff's time.

15. On about August 2, 2018, Plaintiff observed what she perceived to be disability-based discriminatory conduct by Manager Dan Villanova ("Mr. Villanova"). At that time, Mr. Villanova made inappropriate comments about another employee that suffered from personality disorder.

16. On about August 9, 2018, Plaintiff sent an email to Ms. Hann, Ms. Rogers and Mr. Villanova wherein Plaintiff voiced concerns about several workplace issues, including the fact that the overall work environment would at times trigger Plaintiff's anxiety. Plaintiff requested that a meeting be scheduled to discuss these concerns. Plaintiff did not receive a response to this email, and no such meeting was scheduled.

17. On about August 17, 2018, Plaintiff sent another email to Ms. Hann wherein she explained that the overall work environment would at times trigger Plaintiff's anxiety. Ms. Hann did not reply to this email.

18. On about August 17, 2018, Plaintiff spoke with HR employee Joann Slingwine ("Ms. Slingwine") about Plaintiff's difficulty in getting Defendant's management to engage in a discussion regarding her concerns. At that time, Plaintiff explained that her anxiety was caused by an earlier diagnosis of PTSD. Ms. Slingwine stated that she would discuss Plaintiff's concerns with somebody higher up in management and get back to her. However, Ms. Slingwine never got back to Plaintiff with respect to this discussion.

19. On about August 17, 2018, Plaintiff sent an email to Mr. Villanova wherein she informed Mr. Villanova that the comments referenced in Paragraph 15 were derogatory and discriminatory. Plaintiff further advised Mr. Villanova that she was sensitive to comments of that nature because she had been diagnosed with a mental health condition. Mr. Villanova did not initially respond to Plaintiff's email.

20. On about August 31, 2018 sent a follow-up email to Mr. Villanova wherein she asked whether he wanted to discuss or otherwise respond to Plaintiff's email that is referenced in Paragraph 19. In an email response dated September 4, 2018, Mr. Villanova stated that he would not meet with Plaintiff and would provide no response aside from the text of the email. Mr. Villanova went on to state that his comments were merely taken out of context.

21. On about August 28, 2018, Plaintiff filled out an official request for accommodation form. Therein, Plaintiff requested the following accommodations: 1) extended lunch on Mondays to attend appointments related to her anxiety; and 2) assignment to a set work location, as doing so would allow her to be better manage her anxiety. A true and correct copy of the request for accommodation form is attached hereto as Exhibit B.

22. At the time Plaintiff handed the accommodation request form referenced in Paragraph 21 to Defendant, she also provided two (2) evaluations from her psychiatrist. At that

time, Plaintiff also spoke with Kathleen Banski ("Ms. Banski") and indicated that she would be willing to discuss possible alternate accommodations. However, Ms. Banski told Plaintiff that she could only respond to specific requests.

23. Shortly after handing in the accommodation request form referenced in Paragraph 21, Plaintiff spoke with Mr. Rogers and explained that she was frustrated. Mr. Rogers suggested that it would be best for Plaintiff to withdraw her request for accommodation. To avoid any further hassle, Plaintiff did withdraw her request.

24. On about August 31, 2018, Plaintiff was called into a meeting with Mr. Villanova and Mr. Rogers. During the meeting, Mr. Villanova and Mr. Rogers lectured Plaintiff about what she should and should not be doing, including telling Plaintiff that she should not be taking an extended lunch break on Mondays to attend her weekly appointments related to her anxiety.

25. On about September 4, 2018, Plaintiff submitted a formal, written complaint of disability-based discrimination and retaliation. A true and correct copy of Plaintiff's complaint is attached hereto as Exhibit C.

26. On about September 6, 2018, Plaintiff re-submitted the request for accommodations form. At that time, Plaintiff requested the following accommodations: 1) the assistance of an on-site job coach two (2) to three (3) times per month; 2) the presence of a female manager or supervisor during one-on-one meetings with her supervisor; 3) permission to use a fan in her workspace to create white noise and to help ease her anxiety; and 4) an alternate work schedule that would allow her to attend weekly therapy appointments.

27. By way of a letter dated September 21, 2018, Defendant granted all but the fourth of the accommodations requested in Paragraph 27. Plaintiff promptly submitted an appeal of the denial of this accommodation request.

28. By way of an email dated September 27, 2018, Plaintiff complained of disparate treatment and retaliation. At that time, Plaintiff pointed out the fact that while she was being issued discipline for allegedly engaging in disruptive behavior, a similarly situated employee that had engaged in the same alleged conduct was not issued any such discipline. A true and correct copy of the September 27, 2018 email is attached hereto as Exhibit E.

29. On about October 12, 2018, Plaintiff was terminated from employment. At that time Plaintiff was told that she was being terminated for inappropriate workplace behavior.

30. Although Plaintiff did engage in some of the conduct described in her termination letter, Plaintiff avers that her termination was retaliatory and discriminatory insofar as it occurred within a close temporal proximity of the following: 1) Plaintiff making several reports of disability-based discrimination; 2) Plaintiff requesting reasonable accommodations; 3) Defendant's denial of Plaintiff's request to change her schedule so as to allow her to attend weekly therapy appointments; 4) and Plaintiff's complaint of disparate treatment and retaliation.

## Count I
## Violations of the ADA
### (Discrimination, Failure to Accommodate and Retaliation)

31. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

32. At all times relevant herein, Plaintiff suffered from a disability as defined under the ADA.

33. At all times relevant herein, Plaintiff was a qualified individual with a disability insofar as she was capable of performing all essential functions of his job with Defendant, provided that he be granted reasonable accommodations.

34. As described in detail above, Plaintiff observed disability-based discriminatory comments in the workplace.

35. As described in detail above, Plaintiff requested reasonable accommodations.

36. As described in detail above, Defendant failed to accommodate Plaintiff's request.

37. As described in detail above, Plaintiff engaged in protected activity insofar she complained of disability based discrimination and retaliation.

38. Within a close temporal proximity of Plaintiff's request for reasonable accommodations (and Defendant's denial of same) and Plaintiff's protected activity, she was terminated from employment.

39. The forgoing conduct constitutes violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

            Respectfully Submitted,

            */s/ Christa Levko*

            Christa Levko, Esq.
            *Attorney for Plaintiff*
            Ruppert Manes Narahari
            1628 JFK Blvd., Suite 1650
            Philadelphia, PA 19103
            Direct: (215) 475-3517
            Fax: (215) 475-3550
            cl@rmn-law.com

# EXHIBIT A



**U.S. Department of Justice**
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7018 1830 0000 1246 2580

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4701
Washington, DC 20530

June 21, 2019

Ms. Suzanne Sloat
c/o Jonathan W. Chase, Esquire
Law Offices of Kraemer, Manes & Assocs.
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103

Re: EEOC Charge Against Commonwealth of Pennsylvania, Office of Information Technology
No. 530201901023

Dear Ms. Sloat:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
Commonwealth of Pennsylvania, Office of Information Technology

# EXHIBIT B

**pennsylvania**
DEPARTMENT OF LABOR & INDUSTRY
BUREAU OF HUMAN RESOURCES

# REQUEST FOR ACCOMMODATION FORM

CONFIDENTIAL                                                                                   CONFIDENTIAL

*This form may be completed by job applicants or employees requesting an accommodation. Job applicants/employees should submit the completed form to the interviewer/supervisor. (For all items, attach additional pages, if necessary.)*

| 1. REQUESTOR'S NAME (PRINT) <br> Suzanne Sloat | 2. EMPLOYEE ID NUMBER <br> 00752442 |
|---|---|
| 3. HOME MAILING ADDRESS <br> 280 Worcester Ave <br> Harrisburg, PA 17111 | 4. OFFICE/WORK ADDRESS <br> OIT BBES Business Relationship Mgmt Div <br> 651 Boas St, Floor 13 |
| 5. WORK TELEPHONE NUMBER (INCLUDE AREA CODE) <br> 717-783-7846 | 6. HOME AND/OR CELL PHONE NUMBER (INCLUDE AREA CODE) <br> HOME:                    CELL: 717-433-1531 |
| 7. JOB/POSITION TITLE <br> Business Analyst 2 | 8. DATE OF REQUEST FOR ACCOMMODATION <br> 8/28/2018 |

*Please answer the following questions. The information you provided will be treated confidentially and will be handled on a need-to-know basis.*

1. What are the functions of the position which would be or are affected by your disability?
   Interpersonal effectiveness
   Managing conflicting priorites

2. Describe the type of accommodation which will enable you to perform the essential functions of the position.
   Take an extended lunch every Monday to attend weekly appointments to continue developing skills to manage stress and grow in interpersonal effectiveness, have a set work location that is equipped with all my tools to manage my anxiety and to have communications in writing.

3. Do you have documentation to support your disability?   YES ☒   NO ☐   If YES, please attach documentation.

| REQUESTOR'S SIGNATURE <br> *[signature]* | DATE <br> 8/28/18 |
|---|---|
| SUPERVISOR'S/INTERVIEWER'S SIGNATURE | DATE |
| SUPERVISOR'S/INTERVIEWER'S COMMENTS: | |

*Upon completion, the supervisor/interviewer should process this form in accordance with agency procedures.*

For information or assistance regarding accommodation requests please contact the agency Disability Services Coordinator. All requests for accommodation will be reviewed in accordance with Management Directive 205.25.

Unless the disability is apparent, agencies may request medical verification or documentation from an employee to support a request for accommodation using the Health Care Provider Questionnaire available through the Disability Services Coordinator.

LIBHR-50 REV 01-15  (Page 1)

# EXHIBIT C

# EQUAL EMPLOYMENT OPPORTUNITY
## DISCRIMINATION COMPLAINT FORM

COMMONWEALTH OF PENNSYLVANIA
STD-486C    REV. 11/12

| CASE/DOCKET NUMBER | DATE OF COMPLAINT 9/4/2018 |
|---|---|
| COMPLAINANT'S NAME Suzanne Sloat | EMPLOYEE NUMBER 752442 |
| COMPLAINANT ADDRESS 280 Worcester Ave Harrisburg, PA 17111 | AGENCY NAME AND ADDRESS Office of Information Technology Office of Administration |
| COMPLAINANT CONTACT NUMBERS mobile - 717-433-1531 Office - 717-783-7846 | AGENCY CONTACT NUMBERS Sandy Spigelmeyer 717-783-5446 |
| CURRENT COMMONWEALTH EMPLOYEE ■ YES ☐ NO | DATES OF ALLEGED DISCRIMINATION around 8/9/2018 ongoing since 8/9/2018 8/31/18 |

| BASIS OF THE ALLEGED DISCRIMINATION: | ALLEGED DISCRIMINATORY ACT: |
|---|---|
| ☐ RACE   ☐ AGE | ☐ INTERVIEW   ■ DISCIPLINE |
| ☐ SEX   ■ DISABILITY | ☐ HIRING/SELECTION   ☐ DISCHARGE |
| ☐ NATIONAL ORIGIN   ■ RETALIATION | ☐ UNEQUAL PAY   ■ HARASSMENT |
| ☐ SEXUAL ORIENTATION   ☐ GENDER IDENTITY OR EXPRESSION | ☐ PROMOTION   ■ TRAINING |
| ☐ ANCESTRY   ☐ OTHER (SPECIFY) | ☐ LAYOFF   ☐ OTHER (SPECIFY) |
| ☐ RELIGION | ☐ TRANSFER |

PLEASE IDENTIFY THE ALLEGED OFFENDER(S). PLEASE PROVIDE NAME, TITLE, ADDRESS AND TELEPHONE NUMBER FOR ALLEGED OFFENDER(S).
Daniel Villanova, IT Generalist 2, Office of Information Technology, CWDS, 300 Corporate Center Dr, Camp Hill PA 17011, 717-763-3202
Katie Hann, Chief of Business Relationship Management, Office of Information Technology, 13th Floor, 651 Boas St, Harrisburg PA 17121  717-772-1441

Jeff Rogers, Business Analyst 4, 13th Floor 651 Boas St Harrisburg 17121
717-772-8630

Page 1 of 2

| PLEASE PROVIDE DETAILS OF THE ALLEGED DISCRIMINATORY ACT(S). (USE ADDITIONAL PAPER IF NEEDED) |
|---|
| around 8/9/2018 Dan said in a conversation that another BA working on the CWDS project "has a personality disorder" When I sent a note a week later asking to discuss because this made me very uncomfortable and feeling unsafer around him because I have had a diagnosed personality disorder in the past. He did not respond for two weeks. I asked him on Friday 8/31 for a response by end of day. I received one this morning (9/4) in which he simply stated I took his comment out of context. Email exchange is attached.<br><br>On Friday 8/31/2018 I was called into a meeting with my immediate supervisor, Jeff Rogers, along with Dan Villanova -- they sat on same side of table and told me to not respond and just listen. Power move. I was basically berated for my efforts in getting what I feel I need. See attached email summary of what was presented to me. Katie had indicated that they would be providing me with information of how they will be helping me in being successful. It came across to me as a major hand slap and that I should stop asking questions and asking for what I need -- basically to just shut up and do as I am told. I believe this is a retaliation against me for confronting Dan on his statement.<br><br>After the meeting. I had a follow-up conversation with Katie, and Dan came over into it. I asked if they considered how it was for me to sit in the meeting as someone who is coming out of an emotionally abusive marriage - I felt very threatened. Dan's response was that was not his concern, and I made him very uncomfortable by saying that.<br><br>See all attached emails for all my requests for discussions to bring clarity to what i feel I need. Most went unaswered or a long delay in response.<br><br>*Reprimanded for behavior being tolerated/modeled by BA4's* |

| PLEASE PROVIDE ANY DOCUMENTS WHICH SUPPORT THE ALLEGATIONS. PLEASE DESCRIBE ATTACHMENTS. (USE ADDITIONAL PAPER IF NEEDED). |
|---|
| emails<br>documentation of conversations |

| PLEASE IDENTIFY ANY OTHER INTERNAL OR EXTERNAL COMPLAINTS, GRIEVANCES, LAWSUITS, ETC. INITIATED IN RELATION TO THIS MATTER. |
|---|
|  |

| COMPLAINANT'S SIGNATURE | DATE |
|---|---|
| *[signature]* | 9/5/18 |

# EXHIBIT D


**pennsylvania**
DEPARTMENT OF LABOR & INDUSTRY
BUREAU OF HUMAN RESOURCES

# REQUEST FOR ACCOMMODATION FORM

CONFIDENTIAL                                                                                           CONFIDENTIAL

*This form may be completed by job applicants or employees requesting an accommodation. Job applicants/employees should submit the completed form to the interviewer/supervisor. (For all items, attach additional pages, if necessary.)*

| 1. REQUESTOR'S NAME (PRINT) Suzanne Sloat | 2. EMPLOYEE ID NUMBER 752442 |
|---|---|
| 3. HOME MAILING ADDRESS 280 Worcester Ave Harrisburg PA 17111 | 4. OFFICE/WORK ADDRESS L+I 651 Boas St, Floor 13, Harrisburg PA 300 |
| 5. WORK TELEPHONE NUMBER (INCLUDE AREA CODE) L+I 717-783- | 6. HOME AND/OR CELL PHONE NUMBER (INCLUDE AREA CODE) HOME:       CELL: 717-433-1531 |
| 7. JOB/POSITION TITLE Business Analyst 2 | 8. DATE OF REQUEST FOR ACCOMMODATION 9/4/18 |

*Please answer the following questions. The information you provided will be treated confidentially and will be handled on a need-to-know basis.*

1. What are the functions of the position which would be or are affected by your disability?
   - receiving feedback
   - handling certain interpersonal relationships, especially with males in authority

2. Describe the type of accommodation which will enable you to perform the essential functions of the position.
   presence of job coach on site 2-3 times per month for me to discuss/get support on interpersonal difficulties; presence of female HR staff in any supervisory meeting where feedback on performance or discipline will take place; alternate work schedule to attend weekly therapy

3. Do you have documentation to support your disability?  YES ☒  NO ☐  If YES, please attach documentation.

| REQUESTOR'S SIGNATURE Suzanne M Sloat | DATE 9/16/18 |
|---|---|
| SUPERVISOR'S/INTERVIEWER'S SIGNATURE | DATE |
| SUPERVISOR'S/INTERVIEWER'S COMMENTS: | |

*Upon completion, the supervisor/interviewer should process this form in accordance with agency procedures.*

For information or assistance regarding accommodation requests please contact the agency Disability Services Coordinator. All requests for accommodation will be reviewed in accordance with Management Directive 205.25.

Unless the disability is apparent, agencies may request medical verification or documentation from an employee to support a request for accommodation using the Health Care Provider Questionnaire available through the Disability Services Coordinator.

LIBHR-50 REV 01-15 (Page 1)

9. How does the impairment affect their ability to perform the essential functions of their job? (See attached job description). Please be specific.

*Does not interfere with ability to do actual work – but it can interfere with how she responds to supervisory critiques or perceived demeaning comments / behavior.*

10. Please provide any additional medical information or documentation that you believe will assist Labor & Industry in evaluating the impact of the employee's impairment; the activity or activities the impairment limits; and the extent to which the impairment limits their ability to perform the activity or activities. Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that patient may have over the next 6 months. (Example: 1 episode every 3 months lasting 1-2 days in duration).
Frequency: Number of times _____ per week; or Number of times _2_ per month
Duration: Number of hours _____ per episode; or Number of days _1_ per episode

*Suzanne 1st was evaluated on 11/23/10. She has made tremendous progress since that time with regard to multifaceted PTSD (multiple traumas). Please reference Psychiatric Evaluation provided.*

11. Please list any accommodation(s) you believe would enable the employee to perform the essential functions of their job?
*(1) Alternate work schedule on days Suzanne has psychotherapy
(2) Allow a female HR staff to accompany Suzanne in any corrective or evaluative supervisory meetings.
(3) Allowing presence of OVR job coach on job site
(4) Permit fan in Suzanne's cubicle for white noise + comfort purposes.*

Thank you for completing this Health Care Provider Questionnaire. Labor & Industry will use the information you have provided to evaluate **Suzanne Sloan's** request for accommodation.

| Physician's Signature | Date |
|---|---|
| *(signature)*, MD | 9/5/18 |
| Physician's Name (Printed) | Telephone Number |
| Elaine Douglas, MD | 717-763-2219 |
| Physician's Business Address | Fax Number |
| Geisinger Holy Spirit Hospital<br>503 N. 21st Street<br>Camp Hill, PA 17011 | 717-763-2385 |

3

# EXHIBIT E

# Sloat, Suzanne

| | |
|---|---|
| **From:** | Sloat, Suzanne |
| **Sent:** | Thursday, September 27, 2018 10:48 AM |
| **To:** | Brown, Rhonda M ((OA-EBR HR)) |
| **Cc:** | Rogers, Jeffrey |
| **Subject:** | Follow-up |
| **Sensitivity:** | Confidential |

Hi Rhonda,

I thought of a follow-up I wanted to include as part of my formal reposne to the fact-finding. One day recently, I think it was last Monday (9/17), I was working in Camp Hill at Deloitte Office for the CWDS project. A Developer, Don Bollendorf who was on the other side of the cubicle wall from me, was talking with Dan Villanova and was clearly angry because he was cursing and throwing things. Did Dan report this as disruptive and violating the same policy I am accused of violating? If not, is it because I am a woman and Don is a man? Or is Dan retaliating against me? Thanks.

Suzanne Sloat | Business Analyst 2
PA Office of Administration| Information Technology
Bureau of Business Enterprise Services | PA Department of Labor & Industry
Phone: 717-783-7846
www.oa.pa.gov